

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | *Opinion issued July 12, 2024* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC83934 |
| | ) | |
| MARCELLUS WILLIAMS, | ) | |
| | ) | |
| Appellant. | ) | |

### OPINION OVERRULING MOTION TO WITHDRAW
### WARRANT OF EXECUTION

Marcellus Williams filed a motion to withdraw this Court's June 4, 2024, warrant of execution setting a September 24, 2024, execution date. Williams claims the warrant is premature because, on January 26, 2024, the St. Louis County prosecutor ("Prosecutor") filed a motion to vacate Williams' first-degree murder conviction and death sentence pursuant to § 547.031, RSMo Supp. 2021. The motion is overruled.[1]

---

[1] Once this Court sets an execution date, the only appropriate procedure is to file a motion to stay the execution, which is ancillary to a pending matter, rather than a motion to "withdraw" the warrant of execution. As a request for equitable, injunctive relief, the motion to stay would be analyzed by assessing: "(1) the movant's probability of success on the merits; (2) the threat of irreparable harm absent a stay; (3) the balance between harm to the movant absent the stay and the injury inflicted on other interested parties if the stay is granted; and (4) the public interest." *State v. Johnson*, 654 S.W.3d 883, 891 (Mo. banc 2022); *see also Hill v. McDonough*, 547 U.S. 573, 584 (2006) (explaining, "like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits").

## Facts and Procedural History

Following a jury trial, the circuit court sentenced Marcellus Williams to death for first-degree murder. This Court affirmed Williams' convictions, *State v. Williams*, 97 S.W.3d 462 (Mo. banc 2003), and affirmed the judgment denying postconviction relief. *Williams v. State*, 168 S.W.3d 433 (Mo. banc 2005).

In December 2014, this Court issued a warrant of execution setting a January 28, 2015, execution date. Williams then filed a petition for a writ of habeas corpus in this Court alleging he was entitled to additional DNA testing to demonstrate actual innocence. This Court vacated Williams' execution date and appointed a special master to ensure complete DNA testing and to report the results of the additional DNA testing.

The special master provided this Court with the results of additional DNA testing conducted on hair and fingernail samples from the crime scene and of the knife used in the murder. The parties fully briefed their arguments to the master. After reviewing the master's files, this Court denied Williams' habeas petition because the additional DNA testing did not demonstrate Williams' actual innocence. The United States Supreme Court denied Williams' petition for a writ of certiorari. *Williams v. Steele*, 582 U.S. 937, 137 S.Ct. 2307, 198 L.Ed.2d 737 (2017).

In 2017, Williams filed another petition for writ of habeas corpus, again alleging DNA testing demonstrated his actual innocence by excluding him as a contributor of DNA found on the knife used in the murder. This Court denied relief. The United States Supreme Court denied Williams' petition for a writ of certiorari. *Williams v. Larkins*, 583 U.S. 902, 138 S.Ct. 279, 199 L.Ed.2d 179 (2017).

In 2023, Williams filed a petition for a declaratory judgment alleging the governor lacked authority to rescind an executive order appointing a board of inquiry pursuant to § 552.070 and staying Williams' execution until the final clemency determination. On June 4, 2024, this Court issued a permanent writ of prohibition barring the circuit court from taking further action other than granting the governor's motion for judgment on the pleadings and denying Williams' petition for declaratory judgment. *State ex rel. Parson v. Walker*, No. SC100352, ___ S.W.3d ___ at 2-3. (Mo. banc June 4, 2024). This Court then issued the June 4, 2024, order setting an execution date and warrant of execution.

Prior to this Court's order and warrant, Prosecutor filed a motion to vacate Williams' first-degree murder conviction and death sentence pursuant to § 547.031. Section 547.031.1 authorizes a prosecuting or circuit attorney to file a motion to vacate or set aside the judgment "at any time" upon information "the convicted person may be innocent or may have been erroneously convicted." The statute further provides the circuit court "shall issue findings of fact and conclusions of law on all issues presented" and shall "vacate or set aside the judgment where the court finds that there is clear and convincing evidence of actual innocence or constitutional error at the original trial or plea that undermines the confidence in the judgment." Section 547.031.2-.3. Prosecutor alleged: (1) Williams may be actually innocent because DNA testing excludes him as a contributor of DNA recovered from the knife used in the murder;[2] (2) trial counsel was ineffective for failing to impeach the State's witnesses and for failing to provide different mitigation evidence regarding

---

[2] As set forth above, after reviewing the results of the DNA testing, this Court has twice rejected Williams' claim that DNA evidence excludes him as contributor of DNA recovered from the knife.

Williams' background; and (3) the State exercised peremptory strikes of jurors on the basis of race in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Prosecutor's motion remains pending in the circuit court.

Williams filed the underlying motion to withdraw the warrant of execution, arguing Prosecutor's § 547.031 motion is a "state postconviction motion" barring this Court from setting an execution date pursuant to Rule 30.30(c). The State filed suggestions in opposition to this motion, and Williams filed supplemental suggestions in support.

**Analysis**

Rule 30.30(c) establishes the procedure for setting a new execution date following a stay of execution. The rule provides:

> If an execution is stayed, the Court shall set a new date of execution upon motion of the state or upon its own motion. No such motion shall be considered prior to exhaustion of the defendant's right to seek relief in the Supreme Court of the United States following review of the defendant's direct appeal, state post-conviction motion, and federal habeas corpus decision unless the defendant fails to pursue such remedy.

As a procedural rule, Rule 30.30(c) has "the force and effect of law." Mo. Const. art. V, § 5. Like the law established by statutory text, the text of Rule 30.30(c) establishes the law governing this Court's authority to set a new execution date. It follows that this Court's interpretation of Rule 30.30(c) is governed by "principles similar to those employed in interpreting statutes, with the difference being that this Court is attempting to give effect to its own intent." *Olofson v. Olofson*, 625 S.W.3d 419, 434 (Mo. banc 2021) (internal quotation omitted). "If intent is clear based solely on this principle, this Court adopts the

4

plain and ordinary meaning of the rule without resorting to other methods of construction." *State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 702 (Mo. banc 2020).

The plain language of Rule 30.30(c) refutes Williams' claim that this Court's June 4, 2024, order is premature. Rule 30.30(c) provides this Court shall not consider a motion to set an execution date prior to the final "review of ***the defendant's*** direct appeal, state post-conviction motion, and federal habeas corpus decision unless the defendant fails to pursue such remedy." (Emphasis added). Rule 30.30(c) clearly refers to a single state postconviction filed by "the defendant," not the prosecutor. Further, the reference to a single state postconviction motion is consistent with the fact Rule 29.15 is "designed to provide a single unitary, postconviction remedy, to be used in place of other remedies, including the writ of habeas corpus." *State ex rel. Laughlin v. Bowersox*, 318 S.W.3d 695, 701 (Mo. banc 2010) (internal quotation omitted); *see also* Rule 29.15(a); *State ex rel. Dorsey v. Vandergriff*, 685 S.W.3d 18, 27 (Mo. banc 2024) (explaining "Rule 29.15 provides the exclusive procedure" for litigating the enumerated claims).

Prosecutor's pending § 547.031 action is not a state postconviction motion filed by the defendant. In this case, the pertinent state postconviction motion was Williams' unsuccessful Rule 29.15 motion for postconviction relief adjudicated nearly 20 years ago. *Williams*, 168 S.W.3d 433. This Court's June 4, 2024, order setting Williams' execution date and warrant of execution are authorized by Rule 30.30(c).

5

The fact a prosecutor files a § 547.031 motion is not an automatic basis for a stay.[3] Instead, as in any other case, the offender must show the four factors governing equitable, injunctive relief warrant a stay. *See Johnson*, 654 S.W.3d at 892 (holding a motion to stay an execution was unwarranted because the "new or re-packaged versions of … oft-rejected claims" showed the prosecut]or's § 547.031 motion lacked merit).[4]

**Conclusion**

Williams' motion to withdraw the warrant of execution is overruled.

_____
Zel M. Fischer, Judge

All concur.

---

[3] This Court is aware the circuit court scheduled Prosecutor's motion for an August 21, 2024, evidentiary hearing. This Court is equally aware Prosecutor's motion is based on claims this Court previously rejected in Williams' unsuccessful direct appeal, unsuccessful Rule 29.15 motion for postconviction relief, and his unsuccessful petitions for a writ of habeas corpus. Moreover, there is no allegation additional DNA testing has been conducted since the master oversaw DNA testing and this Court denied Williams' habeas petitions.

[4] Additionally, § 546.710, RSMo 2000, provides that, in a death penalty case, this Court "shall issue a warrant" if no legal reason exists "against the execution of sentence." Prosecutor's unresolved § 547.031 motion provides no legal reason not to set the execution of Williams' sentence, and he has exhausted his rights to seek relief from the Supreme Court of the United States following review of his direct appeal, state postconviction motion, and federal habeas decision as required by Rule 30.30(c).